No. 3852.—Louis E. Woods *v.* Gervais Schlater, Executor.

In a suit by the holder of a promissory note against the executor of the maker, the latter has the right to show in defense that the note was given without any consideration, and that the contract for which it was given was a simulation. In this case the evidence shows that the note was given for the sale of two-thirds of the steamer Fanny Fisk, and that there was in reality no sale of the Fanny Fisk, but that it was a mere simulation.

Held—That the plaintiff, the holder of the note, could not recover from the estate of the maker of the note, because there was no valid consideration given for the note.

APPEAL from the Fifth Judicial District Court, parish of Iberville, *Posey,* J. *A. & E. B. Talbot,* for plaintiff. *Samuel Mathews,* for defendant. *David W. Barrow,* for intervenor.

Taliaferro, J. In this case the executor of John L. Pointer, deceased, is sued on a promissory note for $8000 in favor of A. P. Marionneaux, or order, drawn by John L. Pointer, on the fifteenth of December, 1868, and made payable on demand. The plaintiff alleges that he is the bona fide owner and holder of the note under the indorsement of A. P. Marionneaux, the payee. The defendant specially denies that there ever was any consideration received for the note sued on; avers that it was pretended to be given for a two-thirds ownership of a certain steamer called the "Fanny Fisk," pretended to have been sold by Marionneaux to Pointer, but that there was really no sale; it being a mere simulation, an act done to secure Marionneaux's property from the pursuit of his creditors. He alleges that this suit is a plan concerted by plaintiff and A. P. Marionneaux to obtain money under false pretenses from the estate of John L. Pointer.

Judgment was rendered in favor of the plaintiff for the amount of the note and interest, and the defendant has appealed.

Pointer was the son-in-law of Marionneaux. The latter at the time of the sale of the steamer was utterly insolvent; there were many judgments against him about the time of his transfer to his son-in-law of two-thirds of the steamer. It appears that the sale was made for the consideration, as expressed in the act of sale, of $24,000 cash in hand paid, but proof was made that notes were given for the payment of the price. Pointer insured the two-thirds interest in the steamer, which was subsequently lost on the Rio Grande, where Marionneaux was running her. Pointer sued the insurance company and recovered on the policy, in a suit in the Sixth District Court of New Orleans. Pending an appeal to this court, taken by the insurance company, Pointer died. In his will he disposes of his whole estate, even to the minutia of his watch and chain. A clause of the will is then introduced by which he instructs his executor as follows: "And in case the suit entitled Merchants' Mutual Insurance Company *v.* John L. Pointer, now pending in the Sixth District Court of New Orleans, should be decided in my favor, whatever amount may be

coming to me therefrom I instruct my executor to pay over to Antoine P. Marionneaux, my father-in-law." After judgment in his favor in the district court, four or five of the judgment creditors of Marionneaux severally seized under executions this judgment as really the property of their debtor, Marionneaux, treating the sale of his share of the Fanny Fisk as a mere simulation. Pointer intervened in these various suits, claiming the ownership of the judgment. The genuineness of his right was not however tested by judicial decree, for a compromise was made with the seizing creditors by giving them $9000, half the amount of the judgment. It is shown that after the loss of the steamer on the Rio Grande, Pointer declared to various persons that it was no loss of his; that he had no interest in the Fanny Fisk

It is shown that Pointer was scarcely of the age of majority when he entered into this matter of purchasing the share and interest of his father-in-law; that he was without means or facilities of any kind to pay so large an amount of money, and that he exercised no control over the boat after he bought her.

From the entire evidence, which is quite voluminous, we conclude that Pointer in the whole of the transactions relating to the "Fanny Fisk" was used to subserve the purposes of his father-in-law, who performs no creditable part in this litigation. We are satisfied from the evidence that the note sued on is without consideration and void, and to compel the executor to pay it would be against law and equity.

It is therefore ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed. It is further ordered that there be judgment in favor of the defendant, the plaintiff and appellee paying costs in both courts.